```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

JIAN MING ZHANG                   :

    Petitioner,                   :

vs.                               :
                              CIVIL ACTION No. 07-00613-KD-B
                                :

DAVID O. STREIFF, *et al.*,      :

    Respondents.                  :
                                :

**REPORT AND RECOMMENDATION**

Jian Ming Zhang, a native of the People's Republic of China, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Zhang is no longer in ICE custody, having been deported from the United States on October 10, 2007.

**I.  FINDINGS OF FACT**

1.  Zhang acknowledges that he is a native and citizen of the People's Republic of China and that he entered the United States in

1988[1]. (Doc. 1, p. 6).  According to his petition, Zhang was convicted of robbery in the 3rd degree and sentenced to 4 months intermediate incarceration and 5 years probation in 2002. Thereafter, according to Zhang, he was taken into ICE custody on June 13, 2006.  On October 10, 2006, an Immigration Judge ordered Petitioner removed from the United States. (Id.) Zhang then filed an appeal with the Board of Immigration Appeals, which was dismissed on February 28, 2007. (Id.)

2.   On August 29, 2007, Zhang filed the instant petition for writ of habeas corpus.  Zhang argues that his continued detention by ICE violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in <u>Zavydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1, p. 13-14).  Zhang does not contest the order of removal, but instead seeks immediate release from custody and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 16).  According to Zhang, he has provided the necessary information for his removal; however, the Government has been unable to secure travel documents for him from the People's Republic of China.

3.   Respondents filed a response to Zhang's petition on October 11, 2007, wherein they advised that Zhang was removed from the United States on October 10, 2007, and is thus no longer in ICE

---

[1]According to the Warrant of Removal/ Deportation submitted by Respondents, Petitioner entered the United States via New York on April 7, 2004. (Doc. 6, Ex. 1).

custody.[2] (Doc. 6).

## II.      CONCLUSIONS OF LAW

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006).  Where, as here, a § 2241 petitioner has been released from federal custody and deported, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.   The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'"  Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case

---

[2]Respondents indicate that Zhang was deported from the United States on October 10, 2007. (Doc. 6, Ex. 1).

is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.  Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.  Much like the above-styled cases, this case has become moot. This Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to China, because that relief has already been

afforded him. (See Doc. 6).  Because there is nothing to remedy even if this Court were disposed to do so, Zhang's petition for habeas corpus relief is now moot and should thus be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Zhang's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **22nd** day of **January, 2008**.

                                        **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>     /s/ SONJA F. BIVINS     </u>
**UNITED STATES MAGISTRATE JUDGE**
